Pamela M. Bridge, Bar No. 018252
pbridge@clsaz.org
George H. McKay, Bar No. 015910
gmckay@clsaz.org
**COMMUNITY LEGAL SERVICES**
305 South Second Avenue
Phoenix, Arizona 85003
(602) 258-3434, ext. 2650
Facsimile: (602) 258-4628

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Segura Sandoval, Fernando Lopez Iriarte, Roberto Ramirez Burgos, Rito Luque, Ernestina Felix Hernandez, Jose Trejo Gaxiola, Fernando Rosas Careaga, Manuel Gaxiola Lopez, Gilberto Ochoa Ledesma, Delfino Lopez Vasquez, Felix Audevez Quintero, Roberto Gonzalez Ramirez, Armando Felix Lopez, Jose Felix Lopez, Jose Luis Felix Hernandez and Jesus A Felix Hernandez, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | (Jury Trial Requested) |
| Monsanto Company and Ramon Cota, | |
| Defendants. | |

## **PRELIMINARY STATEMENT**

1. This is a civil action for damages, injunctive relief, and declaratory relief brought by sixteen migrant farmworkers including from Arizona against an agricultural employer and its farm labor contractor to vindicate rights afforded them by the Agricultural Workers Protection Act (AWPA), 29 U.S.C. § 1801 *et seq*.; the Arizona Wage Payment Law (WPL), A.R.S. §25-350 *et. seq*.; and for common law breach of contract.

2. Plaintiffs complain that Defendants violated their employment and housing rights under the AWPA and under common law when Defendants recruited Plaintiffs to work

and subsequently employed and housed them during the summer of 2010.

## JURISDICTION

3. This Court has subject matter jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 and 29 U.S. C. § 1854 covering claims arising under the AWPA.

4. This Court has pendant jurisdiction over the WPL claims and breach of contract claims under 28 U.S.C. §1367, since these claims are so related to the federal claims that they are part of the same case and controversy under Article III of the U.S. Constitution.

5. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §2201.

## PARTIES

6. Plaintiffs Jose Segura Sandoval, Fernando Lopez Iriarte, Roberto Ramirez Burgos, Rito Luque, Felix Audevez Quintero, Delfino Lopez Vazquez, Roberto Gonzalez Ramirez, Jose Felix Lopez, Ernestina Felix Hernandez, Armando Felix Lopex, Jose Trejo Gaxiola, Fernando Rosas Careaga, Manuel Gaxiola Lopez and Gilberto Ochoa Ledesma, Jose Luis Felix Hernandez, Jesus A. Felix Hernandez are farmworkers who have their permanent place of residence in and around Yuma County, Arizona.

7. Defendant Monsanto Company (hereinafter "Monsanto") was incorporated in Deleware, has its general headquarters in Missouri and is in the business of detasseling and rouging corn in Indiana, among other things.

8. Defendant Monsanto also does business in Arizona in that Monsanto recruited and hired workers in Arizona in 2010.

9. Defendant Ramon Cota (hereinafter "Cota") did business in Arizona and Indiana in 2010. During the relevant time, Cota was acting as Monsanto's agent for the recruitment, hiring, employment, and housing of part of the migrant agricultural labor for Monsanto's corn operations in Indiana.

## STATEMENT OF FACTS

10. At all times relevant to this action, Defendants employed Plaintiffs to work in the corn harvest detasseling corn.

11. At all times relevant to this action, Plaintiffs were migrant agricultural workers

-2-

1   within the meaning of the AWPA, 29 U.S.C. § 1802(8) and/or individuals entitled to the AWPA migrant protections.

12. Corn "detasseling" is a method utilized to breed two separate varieties of corn together, producing a seed called a "hybrid" which has the qualities of both parent varieties.

13. As corn is a monoecious plant (having both male and female parts), it will fertilize itself if the tassels are not removed. To produce a crop of pure hybrid seed, all the tassels must be removed from selected rows of corn to make "female rows." The silks of the plants in the female rows are then fertilized by pollen from the tassels of the designed male rows, forming a cob or corn whose kernels are hybrid seed.

14. Detasseling is done by machine, by hand, or by a combination of both. Generally, hand detasseling is less damaging to the plant and is necessary to achieve the desired purity of hybrid seed.

15. Monsanto authorized Cota to recruit, solicit, hire, employ and/or furnish migrant agricultural workers in 2010 for agricultural employment in Indiana.

16. In 2010, Cota was authorized by Monsanto to house and transport or cause to be transported Monsanto's agricultural employees.

17. Acting on behalf of Monsanto, Cota recruited Plaintiffs in June 2010 in their home state of Arizona to perform agricultural work in Indiana

18. In June 2010, in Yuma County, Arizona, Cota provided information to Plaintiffs concerning the terms, conditions, availability and existence of 2010 agricultural employment in Indiana for Monsanto.

19. Ramon Cota promised the Plaintiffs certain wages for detasseling, an advance once they arrived in Indiana to send to their families, free transportation and free housing in Indiana.

20. Based upon the above representations, Plaintiffs entered into a working arrangement with Defendants in June 2010.

21. Plaintiffs were at all times ready and willing to comply with the terms of the working arrangement, and did in fact comply with the terms of the working arrangement.

-3-

22. Defendants, without justification, breached the terms of the working arrangement wit Plaintiffs.

23. Once Plaintiffs arrived in Indiana, representatives from Monsanto provided Plaintiffs with orientation and promised certain wages for detasseling corn.

24. The promises and representations made to Plaintiffs in Arizona and Indiana were by Defendants were false and misleading information.

25. Defendants made such false representations of materiel facts intending to induce Plaintiffs to accept work in Indiana.

26. Defendants made such false representations in the course of the Defendants' business and/or in a transaction in which the Defendants had an interest.

27. At the time of the recruitment, Defendants knew the representations were false, or made the representations recklessly as positive assertions and without knowledge of their truth.

28. Plaintiffs justifiably relied upon the employment representations made by the Defendants.

29. The employment offered by the Defendants and accepted by Plaintiffs required Plaintiffs to be absent overnight from their permanent residences.

30. On June 30, 2010, Ramon Cota caused the Plaintiffs to be transported from Arizona to Indiana.

31. Plaintiffs were housed by Cota during the duration of their employment with Defendants.

32. Defendants controlled the housing provided to Plaintiffs during their employment.

33. The housing provided by Defendants was not adequately furnished to meet the needs of Plaintiffs.

34. The housing provided by Defendants to Plaintiffs was unsafe, substandard and overcrowded.

35. Defendants failed post at the housing that it was certified with applicable

-4-

substantive federal and state health and safety standards

36. Defendants failed too post in a conspicuous place or present to each Plaintiff a statement of the terms and conditions of occupancy of housing

37. Defendants causes Plaintiffs to be transported to and from the fields during their employment.

38. Plaintiffs performed corn detasseling work for Defendants.

39. Plaintiffs also performed "rouging" for Defendants for less money per acre.

40. Plaintiffs were not given all of the proper equipment to work in the rain and irrigation system.

41. Defendants did not pay Plaintiffs the amounts due.

42. Although Plaintiffs were informed that they would have free transportation to and from Arizona, Plaintiffs paid for part, if not all, of their transportation.

43. Defendants failed to provide each worker with an itemized pay statement showing all accurate information required to be maintained.

44. At all times relevant to this action, Cota acted as an agent of Monsanto.

45. At all times relevant to this action, Cota acted within the scope of his authorized duties.

46. At all times relevant to this action, Plaintiffs were employed by both Defendants.

47. As a result of the actions of the Defendants described above, Plaintiffs suffered substantial damages.

48. All of the actions and omissions set forth in the preceding paragraphs were undertaken by Defendants either directly or through their agents.

**FIRST CAUSE OF ACTION**

**(AGRICULTURAL WORKERS PROTECTION ACT, 29 U.S.C. § 1801 *et seq*).**

49. Plaintiffs allege and incorporate by reference paragraphs 1 to 48.

50. Defendants intentionally violated Plaintiffs' rights under the AWPA by:

    (a) failing to pay wages when due as required by 29 USC 1832 § (a); and

    (b)    providing false and misleading information regarding the terms and conditions of Plaintiffs' employment in violation of 28 USC §1821(f);

    (c)    violating the terms of the working arrangement made with the Plaintiffs, in violation of 28 USC § 1822(d);

    (d)    failing to obtain and post certification from an appropriate authority that the housing complied wit applicable substantive federal and state health and safety standards in violation of 29 USC § 1823(b);

    (e)    failing to post in a conspicuous place or present to each Plaintiff a statement of the terms and conditions of occupancy of housing in violation of 29 USC §1842; and

    (f)    failing to provide each worker with an itemized pay statement showing all accurate information required to be maintained in violation of 29 § USC §§ 1821 (d)(2) and 1831

51. For each violation of the AWPA each Plaintiff so affected is entitled to receive the greater of his actual damages or up to $500.00 per violation in statutory damages pursuant to 29 U.S.C. § 1854(c).

## SECOND CAUSE Of ACTION

**(Arizona Wage Payment Law, A.R.S. § 23-350 *et seq*.)**

52. Plaintiffs allege and incorporate by reference the allegations set forth in paragraphs 1 to 51.

53. At the end of the employment relationship, all wages due and owing are to be paid to the employee at the next payday under A.R.S. § 23-353.

54. Defendants violated A.R.S. § 23-353 by failing to pay all wages due and owing within the required time period.

55. Additionally, each employee is to be paid on regular paydays all wages due the employee up to such date pursuant to A.R.S.§ 351(c).

56. Defendants violated A.R.S. §23-351 by failing to pay all wages due and owing on the designated regular payday.

57. As a result of Defendants' bad faith violation of A.R.S. §§ 23-351 and 23-353 Plaintiffs suffered economic injury and are entitled to treble the amount of their unpaid wages as allowed under A.R.S. § 23-355.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

58. Plaintiffs allege and incorporate by reference paragraphs 1 to 57.

59. Defendants entered into an employment contract with the Plaintiffs under the terms described herein.

60. Defendants breached the contract of employment into which they entered with the Plaintiffs by failing to comply with the promised terms and conditions of employment.

61. As a direct consequence of Defendants' breach of employment contract, the Plaintiffs suffered substantial injury.

62. Defendants are therefore liable to Plaintiffs for actual, incidental and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

a. Declare that Defendants intentionally violated Plaintiffs' rights under the AWPA; and

b. Award each Plaintiff the greater of his actual damages or statutory damages of $500.00 for each violation of the AWPA; and

c. Grant a prospective injunction against Defendants' future violations of the AWPA; and

d. Enter a declaratory judgment that Defendants breached Plaintiffs rights under the WPL; and

e. Award each Plaintiff treble the amount of his unpaid wages under the WPL; and

f. Enter a declaratory judgment that Defendants breached their contract with Plaintiffs; and

g. Award each Plaintiff his actual, incidenta and consequential damages resulting from that breach; and

h. Award Plaintiffs attorney fees and costs; and

i. Award Plaintiffs pre- and post judgment interest; and

j.  Award Plaintiffs the costs of court; and

k.  Award Plaintiffs such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 7th day of February, 2011

                          COMMUNITY LEGAL SERVICES

                          */s/Pamela M. Bridge*
                          Pamela M. Bridge
                          Attorney for Plaintiffs

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852